IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RODNEY D. MCLEMORE                                                 PLAINTIFF

vs.                                Civil No. 2:13-cv-02062

CAROLYN W. COLVIN                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Rodney D. McLemore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his disability application on December 22, 2010. (Tr. 127-128). In his application, Plaintiff claims to be disabled due to the following: back injury, neck injury, diabetes, high blood pressure, obesity, and depression. (Tr. 151). Plaintiff alleges an onset date of January 24, 2010. (Tr. 127). This application was denied initially and again upon reconsideration. (Tr. 71-72). Thereafter, on June 15, 2011, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted.  (Tr. 81-92).

Plaintiff's administrative hearing was held on November 22, 2011 in Fort Smith, Arkansas. (Tr. 30-70).  Plaintiff was present at this hearing and was represented by Davis Duty.  *Id.*  Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing.  *Id.*  As of the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB).  (Tr. 36).  As for his level of education, Plaintiff also testified he had only completed the seventh grade in school.  (Tr. 38).

On December 15, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 13-25).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013.  (Tr. 17, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 24, 2010, his alleged onset date.  (Tr. 17, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: chronic back and neck pain (degenerative disc disease of the cervical spine and C3-4 and C4-5 level osteophytes); obesity; diabetes mellitus; essential hypertension; an adjustment disorder with mixed disturbance of emotion and conduct; pain disorder; and a personality disorder. (Tr. 18, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 18-20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 20-23, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, he can lift/carry 10 pounds frequently and 20 pounds occasionally, stand/walk 6 hours in an 8-hour day, and sit 6 hours in an 8-hour day. He can occasionally stoop, kneel, crouch, and crawl, but never climb ropes, ladders and scaffolds. He cannot work at unprotected heights or around dangerous moving machinery. Nonexertionally, the claimant can perform simple, one to three step, procedures that are routine and repetitive without frequent changes in duties and is limited to occasional contact with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23-24, Finding 6). Considering his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following representative occupations:

1. Assembler (light, unskilled) with a representative occupation having 108,500 such jobs nationwide and 950 such jobs statewide;

2. Machine tender (light, unskilled) with a representative occupation having 85,900 such jobs nationwide and 1,200 such jobs statewide; and

3. Inspector or tester (light, unskilled) with a representative occupation having 69,800 such jobs nationwide and 1,000 such jobs statewide.

(Tr. 24). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from January 24, 2010 through the date of his decision or through December 15, 2011. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 10-12). On January 25, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 5, 2013, Plaintiff filed the present appeal. ECF No. 1.

The Parties consented to the jurisdiction of this Court on March 11, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ did not fully and fairly develop the record; (2) the ALJ erred in evaluating the severity of his impairments; (3) the ALJ improperly evaluated his RFC; and (4) the ALJ erred in finding he could perform the jobs identified at Step Five of the Analysis. ECF No. 12 at 1-17. In response, Defendant argues the ALJ fully and fairly developed the record in this case, the ALJ properly evaluated the severity of Plaintiff's impairments, the ALJ properly assessed Plaintiff's RFC, the ALJ properly assessed Plaintiff's credibility, and the ALJ properly supported his decision at Step Five of the Analysis. ECF

No. 13 at 1-20. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ disregarded the requirements of *Polaski*. (Tr. 20-23). As an initial matter, the ALJ did not specifically reference the *Polaski* factors. *Id.* Although this is the "preferred practice," a specific reference to the *Polaski* factors is not required. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). However, what the ALJ was required to do was to at least give some consideration to Plaintiff's subjective complaints and not entirely discount them because they were not supported by his objective medical records. *See Polaski*, 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them").

In her appeal brief, Defendant claims the ALJ did comply with *Polaski* and did properly consider–and discount–Plaintiff's subjective complaints. ECF No. 13 at 14-19. In making this argument, Defendant provided several valid reasons for discounting Plaintiff's subjective complaints. *Id.* However, these were not the reasons the ALJ gave for discounting Plaintiff's subjective complaints. (Tr. 20-23). Instead, the ALJ entirely focused on Plaintiff's medical records and stated the following in deciding to discount Plaintiff's subjective complaints of physical pain and discomfort:

> After carefully considering the entire record in this matter, including the testimony of the claimant, the undersigned concludes that the claimant retains the residual functional capacity to perform a range of "light" work. *Notably, x-rays of the claimant's neck showed only soft tissue injury with muscle spasm. In light of these findings, the undersigned concludes that the claimant's complaints are far out of*

7

> *proportion to the alleged trauma and thus, are not generally credible and are given little weight.* Specifically, the claimant's chiropractor assigned the claimant little significant pathology of back and neck. *Further, the claimant's alleged intensity and persistence of pain was not consistent with medical records, signs, and laboratory findings, or with the medical evidence as a whole. . . .*

(Tr. 23) (emphasis added). This was entirely inappropriate and improper under *Polaski*. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.   Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.